IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JARRELL D. CURNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-2192-EFM |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Plaintiff, proceeding pro se, has filed a motion requesting the recusal of the undersigned U.S. Magistrate Judge, James P. O'Hara (ECF No. 53). For the reasons stated below, plaintiff's motion is denied.

Under 28 U.S.C. § 455(a) & (b)(1), a judge must disqualify himself if "his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." The broader of the two sub-divisions, § 455(a), is designed to prevent even the appearance of partiality.[1] Therefore, a judge must recuse himself where there is the appearance of bias, regardless of whether any actual bias exists.[2] "The test is whether

---

[1] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *Harris v. Champion*, 15 F.3d 1538, 1571 (10th Cir. 1994).

[2] *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002); *see also Liteky v. United States*, 510 U.S. 540, 548 (1994) ("[W]hat matters is not the reality of bias or prejudice but its appearance.").

a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[3]

Yet a judge has "as much obligation … not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[4] Thus, he has a duty to sit when there is no legitimate reason for him to recuse himself.[5] Courts must exercise great care in considering motions for recusal in order to discourage their use for judge shopping or delay.[6]

Plaintiff has failed to present adequate facts to support recusal. Plaintiff first contends the undersigned cannot fairly decide the case because when the undersigned was engaged in the private practice of law (some 20 years ago), he represented businesses. This

---

[3] *Bryce*, 289 F.3d at 659 (quotation omitted); *accord David v. City & Cty. of Denver*, 101 F.3d 1344, 1350 (10th Cir. 1996); *see also United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000) ("A judge has a continuing duty to recuse under §455(a) if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality.").

[4] *David*, 101 F.3d at 1351 (quotation omitted); *accord Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1508 (10th Cir. 1995).

[5] *Bryce*, 289 F.3d at 659; *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

[6] *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device); *see also, e.g., In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) ("[T]he disqualification decision must reflect … the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking."); *In re Nat'l Union Fire Ins. Co.*, 839 F.2d 1226, 1229 (7th Cir. 1988) ("Judges have an obligation to litigants and their colleagues not to remove themselves needlessly … because a change of umpire in mid-contest may require a great deal of work to be redone .. and facilitate judge-shopping.").

fact would not lead a reasonable person to doubt the undersigned's impartiality to decide this particular case brought against a particular business the undersigned has never represented. Plaintiff next asserts the undersigned served "on the disciplinary board and plaintiff has filed complaints."[7] Plaintiff does not attempt to explain how these facts, if true, would result in bias against him. Finally, plaintiff complains the undersigned was involved "in moot court, which sole objection [sic] is to dismiss cases quick as possible."[8] Without opining on the objective of moot-court classes or competitions, the undersigned cannot find that a reasonable person knowing of his involvement in moot court would harbor doubts about his impartiality.

The undersigned has carefully considered plaintiff's motion and concludes plaintiff has cited no ground for recusal. The undersigned has no personal bias or prejudice against plaintiff. The undersigned therefore has a duty to sit and hear this case because there is no legitimate reason for recusal.

IT IS THEREFORE ORDERED that plaintiff's motion for recusal (ECF No. 53) is denied.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order. Plaintiff must file any

---

[7] ECF No. 53 at 2.

[8] *Id.* at 1-2.

objections within the 14-day period if he wants to have appellate review of this order.  If plaintiff does not timely file his objections, no court will allow appellate review.

   Dated August 18, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
