IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JARRELL D. CURNE,

    *Plaintiff,*

vs.

    Case No. 2:21-CV-02192

LIBERTY MUTUAL INSURANCE
COMPANY,

    *Defendants.*

# MEMORANDUM AND ORDER

Proceeding pro se, Plaintiff Jarrell D. Curne filed suit against Defendant Liberty Mutual Insurance Company in Johnson County District Court on March 25, 2021. The case was removed to federal court on April 27. On September 8, this Court granted Liberty Mutual's Motion to Dismiss and denied various pending motions filed by Curne, thereby closing the case. Shortly after the Court entered judgment in this matter, Plaintiff Curne filed his first motion for reconsideration (Doc 91). Two days later, Curne filed an amended motion for reconsideration (Doc. 95), as well as exhibits and an affidavit in support of his motion (Docs. 96 and 97). For the reasons explained below, the Court denies Curne's motions.

### I.     Legal Standard

Because Plaintiff appears pro se in this case, the Court must liberally construe his pleadings and other papers.[1]  Although Plaintiff titles his pending motions as motions for reconsideration, Plaintiff moves for relief under Federal Rule of Civil Procedure 60(b)(1), (3), and (6).  Under these subsections, a court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect;"[2] "fraud[,] . . . misrepresentation, or misconduct by an opposing party;"[3] or "any other reason that justifies relief."[4]

Relief under Rule 60(b) is discretionary.[5]  A party may not use a Rule 60(b) motion to revisit the same issues already addressed and dismissed by the court or to introduce new arguments or supporting facts that were available when the party briefed the original motion.[6]  Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances."[7]  A party seeking relief under Rule 60(b) must overcome a high hurdle "because such a motion is not a substitute for an appeal."[8]

---

[1] *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

[2] Fed. R. Civ. P. 60(b)(1).

[3] *Id.* at 60(b)(3).

[4] *Id.* at 60(b)(6).

[5] *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

[6] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[7] *Beugler*, 490 F.3d at 1229 (quoting *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000)).

[8] *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004)).

## II.     Analysis

**A.     Curne's Motion for Reconsideration Raises New Arguments Not Contained in His Prior Requests for Default Judgment**

Plaintiff Curne filed his amended motion for reconsideration two days after his initial motion for reconsideration.  In his amended motion, Curne specifically referenced the document number of his initial motion and noted that he considers his initial motion moot.  The Court therefore concludes that Curne's amended motion for reconsideration moots Curne's first motion for reconsideration.

The Court now turns to Curne's amended motion.  Curne seeks relief on the basis that when Liberty Mutual filed its Motion to Dismiss, Liberty Mutual failed to serve Curne at the correct address.  Curne argues that Liberty Mutual's failure to properly serve its motion by its Rule 81 deadline is tantamount to a failure to respond to his lawsuit.  He therefore argues that the Court erred in failing to grant Curne's request for default judgment.  Although this is an interesting argument, a party may not use a Rule 60(b) motion to introduce new arguments or supporting facts that were available when the party briefed the original motion.[9]  Thus, "[a]bsent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed."[10]

Here, Curne's argument regarding service was not contained in any of his four requests for reconsideration or his Second Motion for Default Judgment.  Although Curne has previously raised concerns with Liberty Mutual's repeated sending of its filings to the wrong address, Curne has never before argued that this error warranted default judgment.  Further, Curne does not provide

---

[9] *Van Skiver*, 952 F.2d at 1243.

[10] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

the Court with any explanation for his failure to raise this argument in any of his previously filed motions. Curne therefore provides the Court with no basis to overturn its prior Order and his motion for reconsideration is denied.

**B.      Filing Restrictions Against Curne Are Necessary**

The Court also finds that the time has now come that it must impose filing restrictions on Curne. It is well-established that "[t]he right of access to the courts is neither absolute nor unconditional."[11] Further, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."[12] In light of Curne's numerous, duplicative filings in this case, as well as frivolous threats of legal action against employees of this Court, the Court finds it necessary to impose filing restrictions on Curne.

The following factors are relevant to the determination of whether to impose filing restrictions:

> (1) [T]he litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[13]

---

[11] *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).

[12] *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (quoting *Tripati*, 878 F.2d at 352).

[13] *United States v. Van Skiver*, 1990 WL 251738, at *5 (D. Kan. 1990) (citation omitted), *aff'd*, *United States v. Kettler*, 1991 WL 94457, at *1 (10th Cir. 1991).

First, although Curne has filed numerous lawsuits in the Western District of Missouri, with the exception of successive lawsuits against Defendant Liberty Mutual, it does not appear that Curne has a history of filing duplicative lawsuits.[14]  Further, although many of Curne's lawsuits have been dismissed for failure to state a claim,[15] the Court does not find those lawsuits to be inherently vexatious or harassing.  Similar to his filings in this Court, however, Curne does have a history of filing vexatious and duplicative motions in his pending lawsuits.[16]

In this case alone, Curne has filed at least twenty motions, most lacking any basis in law and failing to comply with the Federal Rules of Civil Procedure.  Moreover, Curne often files duplicative motions, "notices," and exhibits in quick succession, putting a strain on the Court's resources and making it difficult for the Court—and presumably opposing parties—to determine the basis in law or fact for the relief Curne seeks.  From September 2 to 8 alone, Curne filed no less than nineteen separate documents with the Court.  Similarly, in late April and May, Curne filed five duplicative motions solely in response to the Court's denial of his request for default judgment.  The Court therefore finds Curne's history of litigation to be duplicative, harassing, and vexatious.

---

[14] *See generally Curne v. TraxNYC Corp.*, 2019 WL 1980705 (W.D. Mo. 2019); *Curne v. Harley-Davidson*, No. 19-CV-00027 (W.D. Mo. 2019) (not available on Westlaw or Lexis); *Curne v. Capital One Bank (USA) N.A.*, No. 19-CV-00002 (W.D. Mo. 2019) (not available on Westlaw or Lexis); *Curne v. Safe Auto Ins. Grp.*, No. 21-CV-00126 (W.D. Mo. 2021) (not available on Westlaw or Lexis); *Curne v. Liberty Mut. Ins. Co.*, No. 21-CV-00270 (W.D. Mo. 2021) (not available on Westlaw or Lexis).

[15] *Curne v. TraxNYC Corp.*, 2019 WL 1980705, at *4 (dismissing for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim); *Curne v. Harley-Davidson*, No. 19-CV-00027, at Doc. 22 (dismissing for failure to state a claim); *Curne v. Capital One Bank (USA) N.A.*, No. 19-CV-00002, at Doc. 14 (dismissing for failure to state a claim); *Curne v. Liberty Mut. Ins. Co.*, No. 21-CV-00270, at Doc. 30 (dismissing for failure to state a claim).

[16] *See generally Curne v. Harley-Davidson*, No. 19-CV-00027; *Curne v. Capital One Bank (USA) N.A.*, No. 19-CV-00002; *Curne v. Safe Auto Ins. Grp.*, No. 21-CV-00126; *Curne v. Liberty Mut. Ins. Co.*, No. 21-CV-00270.

Second, the Court finds that Curne cannot have an objective good faith expectation of prevailing in his suits. In addition to Curne's frivolous, duplicative motions, Curne has threatened to sue the Court's clerks for: (1) responding to an email sent to the Court by Curne and including opposing counsel in the response; (2) failing to enter a default judgment; (3) requesting that Curne remain in a waiting area while Curne's filings were reviewed; and (4) failing to reverse the undersigned's order granting Defendant's Motion to Dismiss and closing the case. Because Curne has explicitly stated in emails to Court staff that he intends to sue them if they do not comply with his request to overturn the undersigned's orders, the Court concludes that Curne is aware of the vexatious nature of his claims and intentionally uses the court system for harassment and intimidation.

Third, Curne is not represented by counsel who can assist him in discerning cognizable claims from frivolous, harassing motions and suits. Fourth, as discussed above, Curne has imposed needless expense on his opposing party and posed an unnecessary burden on this Court with his duplicative motions. Fifth, the Court determines that because Curne's response to any adverse ruling against him is to file numerous documents and threaten legal action against the Court and its employees, other sanctions would not adequately protect the courts and other parties.

The Court therefore finds that Curne is likely to continue to abuse the judicial process and that the enumerated factors strongly weigh in favor of imposing filing restrictions. Accordingly, the Court finds it necessary to impose filing restrictions to deter future frivolous motions and to protect the Court and future defendants from having to expend needless time. Curne will be required to obtain leave of Court to submit future filings in any existing cases currently pending in the U.S. District Court for the District of Kansas, or to initiate a civil action in the U.S. District

Court for the District of Kansas without representation of an attorney licensed to practice in the State of Kansas and admitted to practice before this Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion Reconsideration (Doc. 91) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for Reconsideration (Doc. 95) is **DENIED.**

**IT IS FURTHER ORDERED** that if Curne wishes to submit future filings in existing cases or to initiate a civil action in the U.S. District Court for the District of Kansas, he must comply with the following injunction:

1. With the exception of an objection to this Order, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents by Curne or on his behalf, including transfers to this Court from other jurisdictions, regardless of the payment of a filing fee, without the express authorization of a judge of this Court.

2. Except in compliance with this Order, the Clerk shall not accept any pleading from Curne which purports to initiate a civil action. If Curne, proceeding pro se, desires to file a new lawsuit in the District of Kansas, he shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes:

> a. A copy of this Order and any subsequent Order;
>
> b. A copy of the proposed complaint or pleading;
>
> c. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties, including the case name and number of each case, and the current status or disposition of each;
>
> d. A notarized affidavit certifying:

      i. The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and

      ii. That the claims are not frivolous, malicious, or made in bad faith.

3. Curne shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious.  The Court will either allow the filing or issue an Order denying it.  Failure to follow these procedures will result in rejection of any future case Curne attempts to file in this Court.

Curne may file objections in writing to the Court's Order issuing the above filing restrictions by no later than 14 days after receipt of this Order.  If Curne files no objections by that date, the restrictions will be effective without further order of the Court.

Dated this 17th day of September, 2021.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE